UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:17-CR-00091 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| DEREK JONES | : | (Electronically Filed) |
| Defendant | : | |

## SENTENCING MEMORANDUM

## Introduction

Derek Jones will turn 29 years old in a few weeks and is facing a significant federal sentence.  He grew up in a home where he did not feel love or any reason to succeed.  His father was absent from his life; his mother paid him little attention and his step-father was an alcoholic.  He was not successful in school, repeating sixth grade three times and eighth grade twice.  His mother moved frequently and at one point even sent him to live with his father in Virginia for a short time.

Mr. Jones smoked marijuana a few times and has abused alcohol, but remarkably, he never used other illegal substances.  Nevertheless, at various times in his life, he engaged in drug distribution to support himself.  He was never a large scale drug trafficker.  He did not engage in violence.  But, he sold drugs to make some money.  And he previously possessed firearms illegally. He served time in custody for various periods, the longest of which was about 3 ½ years.

1

Now he is facing sentencing in federal court where the penalties are significantly higher.

While in pretrial custody, Mr. Jones has been separated from his fiancée, her son and their daughter.  He has missed holidays and birthdays.  He recognizes that when he is sentenced he will be removed from them for an extraordinarily long time and will likely be placed in a prison at some distance which will make it hard for them to visit.  He also recognizes that to succeed when he is released from prison he needs to have a better plan.  To that end, he is interested in completing barber school.

## Discussion

**A.    The Nature and Circumstances of the Offense and the History and Characteristics of Derek Jones Support a Sentence at Variance with the Advisory Guideline Range.**

Mr. Jones has basically been taking care of himself from a young age. Admittedly, he has struggled.  Despite a childhood filled with instability, he managed to make it past his 18th birthday without any involvement in the criminal justice system.  *See* Presentence Investigation Report at ¶ 27 ("PSR").  A few months before his 19th birthday, he was arrested for his participation in a controlled buy of crack cocaine and, after posting bail, he was arrested again for selling crack.  (PSR ¶¶ 29-31).  He admitted that he was selling drugs to assist his mother and himself financially.  (PSR ¶ 31).

Upon his release from incarceration, he was not any better prepared to care for himself than before he went into custody.  Prior to turning 21, he was again selling crack cocaine.  (PSR ¶ 37).  He also was caught separately in possession of a firearm, (PSR ¶ 35), and those two offenses landed him in state prison for an aggregate minimum term of 3 years and 6 months.   Notably, his three previous felony drug convictions involved an aggregate weight of 2.9 grams of crack cocaine and none of those transactions involved violence or weapons.  Upon his release from state custody, he racked up a number of driving offenses, including a DUI.  (PSR ¶¶ 38-44).

In the fall of 2016, just after turning 26 years old, Mr. Jones was involved in the sale of a firearm to a confidential informant.  His involvement in the offense does not present any aggravating circumstances, such as violence or drug trafficking, and, in fact, presents some mitigating circumstances.  The confidential informant who purchased the gun prevailed upon Mr. Jones to sell him the weapon because of a danger to him and his significant other. Accordingly, Mr. Jones's concern for the safety of others played a decisive part in his commission of the criminal act that puts him before this Court for sentencing. It was still a serious violation of the law; and he knows that now more than anyone.

Within the Sentencing Guidelines, Mr. Jones is assigned the highest possible base offense level of 26 because (1) he had previously been convicted of "at least

3

two felony… controlled substance offense(s)" and (2) the 9 mm handgun he sold to the confidential informant was a "semi-automatic firearm that is capable of accepting a large capacity magazine".  (PSR ¶ 16).  The offense level was then adjusted upward by two levels because "the firearm was listed as stolen…." (PSR ¶ 17).  Mr. Jones received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 25.  (PSR ¶¶ 23-24).  With a criminal history category of V, Mr. Jones' advisory guideline range is 100 to 120 months (capped by the statutory maximum).

In this case, the advisory guideline range and a sentence at or near the statutory maximum is greater than necessary to meet the goals of sentencing for Mr. Jones's conduct.  Although Mr. Jones did not know that the gun was stolen, the offense level is increased by two levels anyway.  USSG 2K2.1(b)(4)(A).  The gun enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen..."  USSG 2K2.1 cmt. n.8(B).  At Jones's first change of plea hearing his previous attorney explained to the Court that the parties considered that information in arriving at a non-binding recommendation in the plea agreement of a sentencing range of 92 to 100 months.  *See* (Trans. Nov. 1, 2017, at 15).

Mr. Jones maintains that a variance from the guideline range of 100 to 120 months is appropriate to account for the fact that he had no reason to believe that

the gun was stolen at the time of the transaction.  Specifically, this Court should consider the fact that Mr. Jones has a lessened criminality than an individual who possesses a gun the individual knows to be stolen, or perhaps actually stole it, and sells it anyway.

While incarcerated Mr. Jones has availed himself of prison resources to improve himself as he moves toward a future date of release and real life responsibilities.  He has taken classes in character development.  The certificates that Mr. Jones has earned, and the people whom he has impacted, as evidenced by the letters submitted to the probation office and provided to the Court, provide a better perspective of who Mr. Jones is as a person.

While living in the city of York, Mr. Jones spent quality time with his family members and extended family, along with Messiah, the son of his paramour, Justice Campbell. He inspired enthusiasm in others, older and younger than he, by encouraging people to improve and succeed, and by attempting to start a business, The Family Van, to provide an opportunity for loved ones to travel to prison facilities to spend time with incarcerated relatives and friends. He took on a fatherly role in the life of Justice's son and made sure all his needs were addressed. The testimony of those whose lives he impacted bears out a generosity and willingness to give of his time to help others meet their deadlines and accomplish their goals.

**B.     A Sentence at Variance with the Advisory Guideline Range is Sufficient, But Not Greater Than Necessary, To Comply With the Purposes of Sentencing Set Forth at 18 U.S.C. § 3553(a)(2).**

Clearly, Mr. Jones's involvement in selling a gun as a convicted felon is serious; however, the offense and his prior history do not include any acts of violence toward others. From all accounts, based on the criminal history, he lived a dangerous lifestyle, but there is no indication that he ever perpetrated violence against another. After having spent additional time behind bars awaiting this sentencing, Mr. Jones is motivated to lead a productive life, be a supportive husband and father, and avoid any future incarceration.

After the singular event of November 3, 2016, that forms the basis for the current federal indictment, the Government and Mr. Jones's previous attorney were able to assess the background of the case and the criminal history of Mr. Jones, except that each party did not believe at the time of the first plea agreement that Mr. Jones would be later labeled an armed career criminal. Through their assessments and negotiations the parties entered into a plea agreement with a nonbinding recommendation that a reasonable sentencing range for this case would be 92 to 100 months.  (Doc. 69).  Accordingly, on November 1, 2017, while the parties and the defendant were before this Honorable Court for the defendant's first plea hearing, the assistant United States attorney stated as follows: "[T]he parties agreed to recommend to the Court that a sentence of not less than 92 months nor

more than 100 months is a reasonable sentence under the facts and circumstances of this case." *See* (Trans. Nov. 1, 2017, at 7).  In the spirit of the previous assessments and negotiations, Mr. Jones respectfully represents, as to the need for the sentence to promote certain sentencing objectives, a sentence below the current advisory guideline range would adequately address "the seriousness of the offense, . . . promote respect for the law, and  . . . provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). A sentence in that range would also "afford adequate deterrence to criminal conduct [and]… protect the public from further crimes of the defendant…." 18 U.S.C. § 3553(a)(2)(B) and (C).

Mr. Jones has the skills to become a productive member of society.  He has a general equivalency diploma and is employable.  He attended "World A Cuts Baber Institute" and is interested in completing that training.  Under these circumstances, a sentence below the advisory guideline range is more than sufficient to meet all of the purposes of sentencing.

### C.   A Sentence at Variance with the Advisory Guideline Range Will Eliminate Unwarranted Sentencing Disparity with Mr. Jones's Co-defendant.

The Third Circuit has indicated that "[w]here appropriate to the circumstances of a given case, a sentencing court may reasonably consider sentencing disparity of co-defendants . . . ."  *United States v. Parker*, 462 F.3d 273, 278 (3d Cir. 2006); *see also* 18 U.S.C. § 3553(a).  A sentence within the advisory

guideline range would create an unwarranted disparity between Mr. Jones and his co-defendant.

In Count 1 of the original indictment, Mr. Jones's co-defendant, Lykeem Bethune, was charged with selling the firearm and ammunition in violation of 18 U.S.C. §922(d).  (Doc. 3 at 1).  Mr. Jones was charged in Count 2 with being a prior felon in possession of a firearm and ammunition.  (Doc. 3 at 2).  Meanwhile, Bethune was charged in a separate indictment, No. 1:17-cr-126, with another firearms offense in violation of 18 U.S.C. §922(g)(3).  Before the indictments were returned, Bethune had charges pending in the York County Court of Common Pleas for felony counts of attempt to deliver drugs and delivery of drugs [case #CP-67-CR-7914-2015], as well as possession of firearms prohibited, firearms not to be carried without a license, possession of marijuana, recklessly endangering another person, and possession of a firearm prohibited [case# CP-67-CR-2819-2016].

Bethune pleaded guilty to a felony count of criminal attempt to deliver drugs in case # CP-67-CR-7914-2015 and received a county sentence of one year, minus a day, to two years, minus two days. He also pleaded guilty to recklessly endangering another person in case# CP-67-CR-2819-2016 and received a sentence of two years of probation.  As to his federal indictments, Bethune received concurrent sentences of 70 months. Furthermore, the sentences of 70

months were ordered to run concurrently to the sentences imposed in Bethune's criminal case in York County.

To avoid an unwarranted disparity with Mr. Jones's co-defendant, a variance from the advisory guideline range would be appropriate in this case.

### D.     Mr. Jones's Sentence Should Be Imposed to Run Concurrently with a State Term of Imprisonment on a Parole Revocation.

Mr. Jones is currently in state custody pursuant to a state parole detainer, although the Board of Probation and Parole has taken no steps to schedule a hearing, either before or after Jones's last plea hearing, which took place on October 18, 2018. The parties approached the Court by motion to temporarily release Jones on his federal case so he could be released to his state parole detainer and thereafter satisfy any obligation that he owed the state and to keep the detainer from obstructing his ability to participate in programming and release planning while in the custody of the Bureau of Prisons.  Mr. Jones was released to the detainer on December 12, 2018, (PSR at 1), and he has been incarcerated at the State Correctional Institution at Camp Hill for over eight months, yet he still has not had a revocation hearing.  Thus, the time he is likely to serve in state custody before being released to federal custody is uncertain.  What is certain, however, is that none of this time will be credited by the Bureau of Prisons. *See* 18 U.S.C. § 3585(b).  Because the state has failed to take action and is no doubt waiting for this Court's decision rather than independently determining an appropriate

custodial term, Mr. Jones requests that this Court impose the sentence to run concurrently with any term of imprisonment imposed by the Pennsylvania Board of Probation and Parole.

## Conclusion

For all the foregoing reasons, a sentence at variance with the advisory guideline range is sufficient, but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).  In order to be closer to his family during his incarceration, he seeks a judicial recommendation to an appropriate facility near York, Pennsylvania.

Respectfully submitted,

Date:  September 20, 2019           *s/Gerald A. Lord*
                                   Gerald A. Lord, Esquire
                                   Assistant Federal Public Defender
                                   Attorney I.D. # PA49539
                                   330 Pine Street, Suite 302
                                   Williamsport, PA 17701
                                   TEL: 570-323-9314
                                   FAX: 570-323-9836
                                   *Gerald_lord@fd.org*
                                   *Attorney for Derek Jones*

## <u>**CERTIFICATE OF SERVICE**</u>

I, Gerald A. Lord, Assistant Federal Public Defender, do hereby certify that this document, the foregoing **Sentencing Memorandum**, filed electronically through the ECF system, will be sent to the registered participants as identified on the Notice of Electronic Filing, including the following:

> Carlo Marchioli, Esquire
> Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Williamsport, Pennsylvania, addressed to the following:

> Derek Jones

Date:  September 20, 2019          *s/Gerald A. Lord*
                                Gerald A. Lord, Esquire
                                Assistant Federal Public Defender